**Opinion issued March 14, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00658-CV**

———————————

**IN RE WENDY HERNANDEZ, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Wendy Hernandez, filed a petition for a writ of mandamus, challenging the trial court's August 26, 2022 "Temporary Order."[1]  In her petition, Hernandez argued that the trial court erred in entering the order because: (1) the trial court lacked jurisdiction "to issue an order of immediate possession of real property"

---

[1]     The underlying case is *Diana Castano v. Manuel Reyes*, Cause Number 21-DCV-288227, in the 328th District Court of Fort Bend County, Texas, the Honorable Monica Rawlins presiding.

and (2) the trial court's August 26, 2022 Temporary Order is a temporary injunction that is "void on its face," as it "fails to provide for provisions for the posting of a bond."

The August 26, 2022 Temporary Order was signed by the Honorable Walter Armatys. Judge Armatys ceased to hold the office of judge of the 328th District Court of Fort Bend County and was succeeded by the Honorable Monica Rawlins. Accordingly, on February 2, 2023, the Court entered an order substituting Judge Rawlins as the respondent in this original proceeding. *See* TEX. R. APP. P. 7.2(a). The Court further abated this original proceeding for petition for writ of mandamus to allow Judge Rawlins an opportunity to reconsider the ruling made the basis of Hernandez's mandamus petition. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under [Texas Rule of Appellate Procedure] 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.").

On February 28, 2023, Hernandez filed a "Notice of Trial Court's Rendition and Request to Supplement Court's Record." In her notice, Hernandez stated that the trial court held a hearing to allow Judge Rawlins an opportunity to reconsider the August 26, 2022 Temporary Order, and on February 28, 2023, the trial court entered a rendition "setting aside the Temporary Order[] signed on August 26, 202[2]." Hernandez further stated that she "believe[d] this . . . ma[de] her [p]etition for [writ

of] [m]andamus moot as the order [challenged] ha[d] been set aside," and that she "ha[d] no objection to her [p]etition for [writ of] [m]andamus being dismissed as [m]oot."

We construe Hernandez's notice as a motion to dismiss her petition for writ of mandamus. Hernandez's motion does not include a certificate of conference, but more than ten days have passed since her motion was filed, and no party has opposed the relief requested in the motion. *See* TEX. R. APP. P. 10.3(a)(2).

Accordingly, we reinstate the original proceeding for petition of writ of mandamus and grant Hernandez's motion and dismiss the petition. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.